UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 25-CV-22270-RAR

BENJAMIN J COUSINS, M.D., P.A.,

   *Plaintiff, PROVIDER,*

vs.

BLUECROSS AND BLUESHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE
*a Florida Profit Corporation*;
HEALTH OPTIONS, INC.,
D/B/A FLORIDA BLUE HMO
*a Florida Profit Corporation*;
FLORIDA HEALTH CARE PLAN, INC.,
*a Florida Profit Corporation;*
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC.,
*A Mutual Insurance Company;*
BLUECROSS BLUESHIELD OF TENNESSEE, INC.,
BLUE CROSS AND BLUE SHIELD OF TEXAS, INC.,
BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.,
(2019 merger with BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC.),
BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.,
ANTHEM BLUE CROSS BLUE SHIELD OF CALIFORNIA, INC.,
QUÉBEC BLUE CROSS,
CANASSISTANCE, INC.,

   *Defendants.*
_____/

## PLAINTIFF'S MOTION FOR REMAND

**COMES NOW**, the Plaintiff, BENJAMIN J. COUSINS, M.D., P.A. ("Plaintiff"), by and through its undersigned, counsel, hereby moves to remand the case, and in support thereof say:

1. This is a rate of reimbursement case.

2. It arises from all named Defendants' failure to properly reimburse Plaintiff for emergency

medical services rendered to patients insured under various health benefit plans administered by Defendants.

3. Defendants, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), and Health Options, Inc. ("HOI" and, together with BCBSF, "Florida Blue") did not confer with Plaintiff or with any other Defendants to Plaintiff's knowledge, prior to filing its notice of removal to Federal Court.

4. Plaintiff did not consent to removal and Defendants have shown no evidence that any other Defendants consented to removal. Plaintiff has acted consistently with its position that this case was not properly removed to Federal Court.

5. Plaintiff initially sued BCBSF in state court under prior counsel on May 24, 2024, alleging improper underpayment or nonpayment on 14 different patients (*Miami-Dade Circuit Case No. 2024-009597-CA-01- D.E. 2*).

6. Plaintiff's prior counsel filed an Amended Complaint on July 26, 2024 (*Miami-Dade Circuit Case No. 2024-009597-CA-01- D.E. 17*), adding in Defendant HOI.

7. These are the two Defendants (BCBSF and HOI), who filed a Notice of Removal to this Federal Court on May 17, 2025 concerning approximately $8,000 in controversy owed on 2 patients.

8. The causes of action in Plaintiffs' lawsuit are grounded in state law claims. *Daniels v. Am. Serv. Grp., Inc.*, No. 8:05-CV-1392-T-30TBM, 2005 U.S. Dist. LEXIS 35266, at *1 (M.D. Fla. Oct. 14, 2005) (Pursuant to 28 U.S.C.S. § 1441(c), a federal district court has discretion to remand state law matters.) Plaintiff's claims center upon Defendants' failure to reimburse the "usual and customary" amounts due for this geographic area as set forth under Fla. Stat., ss. 627.64194(4) and 641.513(5). *See Third Amended Complaint*, D.E. 1-3.

9. Out of the underlying 38 patients at issue in this lawsuit, Defendants are claiming that only

2 patients purportedly have Federal ERISA-based plans (Patient 13, O.L. (outstanding balance of $6,698.16 Plaintiff is claiming) and Patient 21, S.B. (outstanding balance of $1,369.84 Plaintiff is claiming from Defendant)). *Declaration of Juanisha Jones, D.E. 1-2.* Plaintiff is not a direct party to these purported insurance contracts, nor has Plaintiff ever even seen a copy of these purported insurance contracts. Defendants are arguing that by virtue of 2 purported underlying assignment of benefits executed (AOBs) by the patients for Plaintiff, that Plaintiff is directly tied to the purported ERISA plan contracts and that as a result, the entire case must be removed to Federal Court. It is Plaintiff's position that this is not proper. The remaining 36 patients have no alleged ERISA connection. Defendants seek to bootstrap the entire Third Amended Complaint into federal jurisdiction based on two patients with disputed ERISA status and a combined controversy of $8,068.00. That does not justify federal jurisdiction under either complete or defensive preemption doctrines. *Skripac v. Target Corp.*, No. 2:23 CV 321, 2024 U.S. Dist. LEXIS 216477, at *2 (N.D. Ind. Sep. 5, 2024) (When considering whether to remand a case that has been removed to federal court, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking it. *Id.; see Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)).

    10. "ERISA is one of only a few federal statutes under which two types of preemption may arise: conflict [or defensive] preemption and complete preemption." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Defensive preemption "arises from ERISA's express preemption provision" and "preempts any state law claim that 'relates to' an ERISA plan." *Id.* at 1344 (quoting 29 U.S.C. § 1144(a)). Complete preemption is "jurisdictional in

nature" and "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Ibid.* (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). "[C]omplete and defensive preemption are not coextensive," since a "state-law claim may be defensively preempted . . . but not completely preempted[.]" *Ibid.* (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005)). *Healthcare Ally Mgmt. of Cal., LLC v. Unitedhealthcare Servs., Inc.*, No. 23-cv-22455-ALTMAN/Reid, 2024 U.S. Dist. LEXIS 192326, at *25-26 (S.D. Fla. Oct. 22, 2024).

11. Even assuming Defendants could later raise an ERISA-based defense to two isolated claims, such a defense does not confer federal jurisdiction. Complete preemption only applies where the Plaintiff's claims are entirely based on rights created by federal law, with no independent legal duties involved. Here, Plaintiff's claims arise from separate obligations imposed under Fla. Stat. §§ 627.64194 and 641.513, not from any duties under an ERISA plan. Accordingly, removal from State Court is improper.

12. "As we've explained in another case, "the 'mere fact' that [the Providers] treated a patient who happens to have an ERISA plan doesn't mean that every legal issue concerning that treatment is now 'related' to that plan."" *Healthcare Ally Mgmt. of Cal., LLC v. Unitedhealthcare Servs., Inc.*, No. 23-cv-22455-ALTMAN/Reid, 2024 U.S. Dist. LEXIS 192326, at *28 (S.D. Fla. Oct. 22, 2024), quoting *Vanguard Plastic Surgery, PLLC v. Unitedhealthcare Ins. Co., 658 F. Supp. 3d 1250, 1258 (S.D. Fla. 2023)* (quoting *Sarasota Cnty. Pub. Hosp. Bd. v. Blue Cross & Blue Shield of Fla., Inc.*, 511 F. Supp. 3d 1240, 1249 (M.D. Fla. 2021) (Merryday, J.)). *Vanguard Plastic Surgery, PLLC v. United Health Grp. Inc.*, No. 21-60023-CIV-SINGHAL, 2021 U.S. Dist. LEXIS 180206, at *6-7 (S.D. Fla. Sep. 21, 2021) (Court found that ERISA does not defensively preempt Plaintiff's Complaint (DE [1-3]) because not every claim involving an ERISA plan "relates to"

ERISA. *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474, 480, 208 L. Ed. 2d 327 (Dec. 10, 2020) (citing *Egelhoff v. Egelhoff*, 532 U.S. 141, 147, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001)).

13. The policy document of the 2 patients is not central to Plaintiff's claims for failure of Defendants to reimburse the proper amount of payment. As such, the case does not belong in Federal Court. *Orthopaedic Care Specialists, P.L., v. United Healthcare Servs., Inc.*, 2021 U.S. Dist. LEXIS 257220, 2021 WL 8154530, at *3 (S.D. Fla. Nov. 15, 2021) (Middlebrooks, J.) ("[T]he terms of the [patients' insurance policies] are not central to Plaintiff's claim of inappropriate rate of reimbursement. While the terms of the patients' plans may be central to *Defendants' defenses*, i.e., its argument that ERISA provides an affirmative defense to the claims raised, as further explained below, that does not render the documents central to *Plaintiff's claims*.")

14. The contractual objections that Defendants have to the 2 patients is entirely separate from their obligations to Plaintiff. *Vanguard Plastic Surgery, PLLC v. Unitedhealthcare Ins. Co.*, 658 F. Supp. 3d 1250, 1257 (S.D. Fla. 2023)

15. Based on the foregoing, Plaintiff submits that the case should be remanded to State Court. The case involves state law claims and the amount in controversy for the removal of the 2 patients is a mere $8,068.00.

16. However, should the Court decline to remand the Case, Plaintiff respectfully requests an additional 40 days to have summonses issued in this Court and have the Defendants served with the Third Amended Complaint.

17. Plaintiff has served 5 Defendants but in State Court, which currently lacks jurisdiction over the matter. As such, Plaintiff would need to have the summonses reissued in this Court and the parties re-served should the Court decline to remand.

**WHEREFORE,** Plaintiff respectfully requests that this Court remand the case to state court. However, should the Court not grant the remand, Plaintiff respectfully requests an extension of 40 days to issue summonses in this Court and have all Defendants served, and for any further relief this Court deems just and proper.

### Rule 7.1(a) Attorney-Conference Certificate

The undersigned attorney certifies that she has complied with the attorney-conference requirement of Local Rule 7.1(a) with respect to the relief requested as detailed above and Defendants' counsel has not responded to the conferral.

Respectfully submitted this 21st day of July, 2025.

By: /s/ *Lauren J. Luck*
Lauren J. Luck, Esq.
FBN: 048121
Lauren Luck, P.A.
Latitude One on the River Offices
175 SW 7th Street
Suite 2003
Miami, Florida 33130
Tel.: 305-929-8316
Fax: 305-938-0818
lauren@laurenluck.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to Ardith Bronson, Esq., at Ardith.Bronson@us.dlapiper.com, and Jose Espinosa, Esq. Jose.Espinosa@us.dlapiper.com, and all parties on file through the CEM/ECF system, this 21st of July, 2025.

By: /s/ *Lauren J. Luck*
Lauren J. Luck, Esq.
FBN: 048121
Lauren Luck, P.A.
Latitude One on the River Offices
175 SW 7th Street
Suite 2003
Miami, Florida 33130
Tel.: 305-929-8316
Fax: 305-938-0818
lauren@laurenluck.com

**SERVICE LIST**

**Case No. 25-CV-22270-RAR**

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| Lauren J. Luck, Esq.<br>Lauren Luck, P.A.<br>Latitude One on the River Offices<br>175 SW 7th Street, Suite 2003<br>Miami, Florida 33130<br>Tel.: 305-929-8316<br>Fax: 305-938-0818<br>Email: lauren@laurenluck.com<br>paralegal@laurenluck.com | Ardith Bronson, Esq.<br>Florida Bar Number: 423025<br>ardith.bronson@us.dlapiper.com<br>Jody A. Stafford, Esq.<br>Florida Bar Number: 1015797<br>jody.stafford@us.dlapiper.com<br>Jose M. Espinosa, Esq.<br>Florida Bar Number: 1030890<br>jose.espinosa@us.dlapiper.com<br>DLA Piper LLP (US)<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 423-8504 |