UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 25-22270-CIV-RUIZ**

BENJAMIN J. COUSINS, M.D., P.A.,

      Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.; HEALTH OPTIONS,
INC.; FLORIDA HEALTH CARE PLAN,
INC.; BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, INC.; BLUECROSS
BLUESHIELD OF TENNESSEE, INC.;
BLUE CROSS AND BLUE SHIELD OF
TEXAS, INC.; BLUE CROSS AND BLUE
SHIELD HEALTHCARE PLAN OF
GEORGIA, INC.; BLUE CROSS AND
BLUE SHIELD OF MASSACHUSETTS,
INC.; ANTHEM BLUE CROSS BLUE
SHIELD OF CALIFORNIA, INC.;
QUEBEC BLUE CROSS; and
CANASSISTANCE, INC.,

      Defendants.

_____/

## DEFENDANTS BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., AND HEALTH OPTIONS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF BENJAMIN J. COUSINS, M.D., P.A.'S MOTION TO REMAND

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND AND PROCEDURAL HISTORY..........................................................2

III.    LEGAL STANDARD ...........................................................................................3

IV.    ARGUMENT .......................................................................................................5

        A.    Because Plaintiff's Claims Are Completely Preempted by ERISA, at Least in Part, This Court Has Subject Matter Jurisdiction Over the TAC in Its Entirety as It Presents a Federal Question Irrespective of How Plaintiff Labels Its Claims.................................................................................................7

                1.    In the TAC, Plaintiff Alleges it Has Derivative Standing to Assert an ERISA Benefits Claim Because It Alleges It Received Assignments of Benefits from the At-Issue Members, so It Alleges It Has Standing to Bring an ERISA Claim as to the Patients Enrolled in an ERISA-Governed Plan .................................................................7

                2.    No Independent Legal Duty Supports Plaintiff's Claims, and This Court Has Jurisdiction Over Plaintiff's Claims Even If There Is a Single Claim Relating to a Single ERISA Patient at Issue .......................10

        B.    Because Plaintiff's Claims Are Completely Preempted by ERISA, This Court Has Subject Matter Jurisdiction Over the TAC as It Presents a Federal Question ...............................................................................................17

        C.    Plaintiff's Other Arguments in Favor of Remand Necessarily Fail Because They Have No Merit ...............................................................................18

                1.    Plaintiff's Reference to Defensive Preemption Is Irrelevant to This Court's Determination When Determining Whether to Deny the Motion Because Defensive Preemption Is a Meritorious Affirmative Defense to Plaintiff's Claims, Not a Basis for Subject Matter Jurisdiction ...............................................................................18

                2.    Because BCBSF and HOI Are the Only Properly Served Defendants, so Unserved Defendants Were Not Required to Consent to Removal ...............................................................................19

        D.    Plaintiff's Request to Extend the Service Deadline Is Without Good Cause ........19

V.      CONCLUSION....................................................................................................20

i

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Aetna Health Inc. v. Davila*,
    542 U.S. 200 (2004) .................................................................................................4, 7, 8, 10

*Asad v. Crosby*,
    158 F. App'x 166 (11th Cir. 2005) ......................................................................................20

*Bailey v. Janssen Pharma., Inc.*,
    536 F.3d 1202 (11th Cir. 2008) ..........................................................................................19

*Baker Cnty. Med. Servs. v. Blue Cross & Blue Shield of Fla., Inc.*,
    No. 3:18-cv-01510-J-20MCR, 2019 WL 5104773 (M.D. Fla. Sept. 18, 2019) .....................13

*Baruch Jacobs, M.D., P.A. v. Highmark Health*,
    No. 14-24725-CIV-UU, 2015 WL 12699875 (S.D. Fla. Mar. 12, 2015) .........................15, 16

*Beneficial Nat'l Bank v. Anderson*,
    539 U.S. 1 (2003)...................................................................................................................4

*Cagle v. Bruner*,
    112 F.3d 1510 (11th Cir. 1997) .............................................................................................9

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*,
    591 F.3d 1337 (11th Cir. 2009) ................................................................................. *passim*

*Cousins v. United Healthcare, Inc.*,
    No. 19-25061-CIV-BB, 2020 WL 1666628 (S.D. Fla. Apr. 3, 2020) ..........................6, 11, 12

*De La Pedraja v. UnitedHealthcare of Fla., Inc.*,
    No. 10-21677-CIV-JAL, 2010 WL 11570680 (S.D. Fla. Aug. 20, 2010).............13, 15, 16, 17

*Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*,
    813 F.3d 1333 (11th Cir. 2015) ......................................................................................10, 13

*Gables Ins. Recovery v. United Healthcare Ins.*,
    39 F. Supp. 3d 1377 ......................................................................................................12, 13

*Glob. Satellite Comm. Co. v. Starmill U.K. Ltd.*,
    378 F.3d 1269 (11th Cir. 2004) .............................................................................................4

*Health Ins. Plans v. Hudgens*,
    742 F.3d 1319 (11th Cir. 2014) ...........................................................................................12

*Horenkamp v. Van Winkle & Co.*,
    402 F.3d 1129 (11th Cir. 2005) ...........................................................................................19

*Johnson v. Wellborn*,
    418 F. App'x 809 (11th Cir. 2011) ........................................................................19

*Jones v. LMR Int'l, Inc.*,
    457 F.3d 1174 (11th Cir. 2006) ...........................................................................18

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .................................................................................................3

*La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*,
    No. 14-23417-CIV-DPG, 2014 WL 5523147 (S.D. Fla. Oct. 31, 2014) ...........................15, 16

*La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*,
    No. 14-23568-CIV-JAL, 2015 WL 12781030 (S.D. Fla. Jan. 30, 2014) ...............................17

*La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*,
    No. 14-23735-CIV-KMM, 2014 WL 7525661 (S.D. Fla. Nov. 18, 2014) ...........................12

*Lee Mem'l Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*,
    248 F. Supp. 3d 1304 (M.D. Fla. 2017) ..............................................................10

*Lepone-Dempsey v. Carroll Cnty. Comm'rs*,
    476 F.3d 1277 (11th Cir. 2007) ...........................................................................19

*Pacheco de Perez v. AT&T Co.*,
    139 F.3d 1368 (11th Cir. 1998) .............................................................................4

*Peacock Med. Lab, LLC v. Unitedhealth Grp., Inc.*,
    No. 14-81271-CIV-DTKH, 2015 WL 5118122 (S.D. Fla. Sept. 1, 2015) ...........................12

*Royal Canin U. S. A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025) ..................................................................................................4

*Sarasota Cnty. Pub. Hosp. Bd. v. Blue Cross & Blue Shield of Fla., Inc.*,
    No. 8:18-cv-2873-T-23SPF, 2019 WL 2567979 (M.D. Fla. June 21, 2019) .......................13

*Surgery Ctr. of Viera, LLC v. Cigna Health & Life Ins.*,
    No. 22-cv-393, 2023 WL 5353461 (M.D. Fla. Aug. 21, 2023) ...................................17

*Surgery Ctr. of Viera, LLC v. Cigna Health*,
    No. 20-cv-152, 2020 WL 4227428 (M.D. Fla. July 23, 2020) ...................................18

*Univ. of S. Ala. v. Am. Tobacco Co.*,
    168 F.3d 405 (11th Cir. 1999) ...............................................................................4

**Statutes**

28 U.S.C. § 1331 ..................................................................................................3, 4

28 U.S.C. § 1332 ...................................................................................................................3

28 U.S.C. § 1367(a) ...........................................................................................................17

28 U.S.C. § 1441(a) .............................................................................................................3

29 U.S.C. § 1132(a) ...................................................................................................5, 8, 13

29 U.S.C. § 1132(a)(1)(B) ...................................................................................................8

42 U.S.C. § 1144(a) ......................................................................................................12, 18

Fed. R. Civ. P. 4(m) .....................................................................................................19, 20

§ 627.638, Fla. Stat. (2024) ...............................................................................................13

§ 627.64194(4), Fla. Stat. (2024) .........................................................................................2

§627.64194, Fla. Stat. (2024) ............................................................................................14

§ 641.513, Fla. Stat. (2024) ..........................................................................................13, 14

§ 641.513(5), Fla. Stat. (2024) .............................................................................................2

§ 641.3155, Fla. Stat. (2024) ..............................................................................................16

Defendants Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), and Health Options, Inc. ("HOI" and, together with BCBSF, "Florida Blue"), by and through undersigned counsel, respectfully file this Response in Opposition to Plaintiff Benjamin J. Cousins, M.D., P.A.'s ("Plaintiff") Motion to Remand, (ECF No. 8) (the "Motion").  Florida Blue states the following in support of this Response:

## I.    INTRODUCTION

By this Action, Plaintiff expressly asserts claims for benefits under health benefit plans offered or administered by Defendants,[1] many of which are governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"), under assignments of benefits.  (*See, e.g.*, TAC ¶¶ 410–33, ECF No. 1-1 at 203–06 (Count III – Breach of Contract); Jones Decl. ¶¶ 11–14, ECF No. 1-2.)  The labels Plaintiff affixes to its claims are of no moment; Plaintiff's allegations make clear that its claims arise under the "INSURANCE POLICIES . . . issued by the Defendants[,]" (*id.* ¶ 20, ECF No. 1-1 at 215); that Plaintiff pursues its claims under assignments of benefits from Defendants' members, (*e.g.*, *id.* ¶¶ 37, 420, ECF No. 1-1 at 273); and that Defendants' "failure and refusal to make . . . monetary payments [to Plaintiff] constitute a breach of the INSURANCE POLICIES[,]" (*id.* ¶ 430, ECF No. 1-1 at 274).  Plaintiff's attempted pleading sleight of hand does not change the legal reality that, as to Defendants' members enrolled in ERISA-governed plans, Plaintiff's claims are completely preempted by ERISA—because, as to those

---

[1] In the Third Amended Complaint ("TAC"), Plaintiff attempts to bring claims against Florida Blue and the following nine other Defendants that have not been served with process of a lawfully-issued summons and the TAC: Florida Health Care Plan, Inc.; Blue Cross & Blue Shield of Mississippi, Inc.; BlueCross BlueShield of Tennessee, Inc.; Blue Cross and Blue Shield of Texas, Inc.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Anthem Blue Cross Blue Shield of California, Inc.; Quebec Blue Cross; and Canasisstance, Inc.  Florida Blue will refer to the nine new Defendants added in the TAC, collectively, as the "Unserved Defendants."  Plaintiff's deadline to serve Unserved Defendants is August 5, 2025. (Service Order at 1, ECF No. 7.)

members, Plaintiff's claims *are* ERISA claims.  And Plaintiff does not dispute that the TAC includes claims for, at least, the ERISA patients Florida Blue identified in the Notice of Removal. (*See* Jones Decl. ¶¶ 11–14.)  Irrespective of how Plaintiff labels its claims, this Court has federal question jurisdiction over this Action under ERISA's complete preemption doctrine as Plaintiff's claims concern Defendants' members enrolled in ERISA plans and supplemental jurisdiction over the claims concerning non-ERISA members.  This Court should therefore deny the Motion and conclude it has subject matter jurisdiction over this Action in its entirety.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an out-of-network provider with Florida Blue that attempts to recover against Florida Blue and Unserved Defendants for allegedly failing to pay claims submitted to Florida Blue and Unserved Defendants' members enrolled in various health benefit plans, including ERISA-governed plans.  (*See generally* TAC, ECF No. 1-1 at 212–79.)  On May 7, 2025,[2] Plaintiff filed the TAC.  (*Id.*)  Therein, Plaintiff attempts to bring the following six Counts against Florida Blue and the nine newly added Unserved Defendants, (*id.* ¶¶ 8–15, ECF No. 1-1 at 145), for their alleged failure to pay for services rendered to thirty-eight patients, who are allegedly enrolled in health benefit plans offered or administered by one or another Defendant, including ERISA-governed plans (the "Patients"), (*id.* ¶¶ 45–371, ECF No. 1-1 at 219–280): violation of section 627.64194(4), Florida Statutes (Count I), (*id.* ¶¶ 372–90, ECF No. 1-1 at 267–69); violation of section 641.513(5), Florida Statutes (Count II), (*id.* ¶¶ 391–412, ECF No. 1-1 at 269–72); breach of the members' benefit contracts (Count III), (*id.* ¶¶ 410–33, ECF No. 1-1 at 272–75); quantum

---

[2] Although Plaintiff uploaded the TAC in the State Court Action on May 2, 2025, the TAC did not become the operative pleading until May 7, 2025, the date the state court granted Plaintiff's Motion for Leave to File the TAC.  (Order at 1, ECF No. 1-1 at 601 ("The [TAC] that was filed on Friday, May 2, 2024, is deemed filed as of the date of the entry of this Order.").)

meruit (Count IV), (*id.* ¶¶ 434–42, ECF No. 1-1 at 275–76); account stated (Count V), (*id.* ¶¶ 444–54, ECF No. 1-1 at 276–78); and unjust enrichment (Count VI), (*id.* ¶¶ 455–65, ECF No. 1-1 at 278–79).  Plaintiff's statutory, breach of contract, quantum meruit, unjust enrichment, and account stated claims are all facially ERISA claims masquerading as Florida state-law claims for the Patients whose health plan is governed by ERISA; in each Count, Plaintiff alleges that (1) its claims arises under the "insurance policies . . . issued by the Defendants[,]" (*id.* ¶ 20, ECF No. 1-1 at 215); (2) the services purportedly rendered at issue were "covered" services under the "insurance policies[,]" (*id.* ¶ 33, ECF No. 1-1 at 216); (3) Plaintiff received an assignment of benefits for each Patient, (*id.* ¶ 37, ECF No. 1-1 at 217).  As to the ERISA Patients, all claims are completely preempted.

On May 17, 2025, BCBSF and HOI—the only two properly served Defendants—removed this Action because this Court has federal question jurisdiction under ERISA's complete preemption doctrine as Plaintiff's claims relate to Defendants' members enrolled in ERISA-governed health benefit plans and supplemental jurisdiction over the remaining non-ERISA claims on which Plaintiff tries to base the TAC.  (*See generally* Not. Removal, ECF No. 1.)  On July 21, 2025, Plaintiff filed the Motion.  (*See generally* Mot., ECF No. 8.)  For the reasons set forth herein, the Motion is due to be denied.

## III.    LEGAL STANDARD

Federal Courts are courts of limited jurisdiction.  *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  "A defendant's right to remove an action against it from state to federal court is purely

statutory and therefore its scope and the terms of its availability are entirely dependent on the will

of Congress." *Glob. Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir.

2004). As a general rule, "the removing party has the burden of showing the existence of federal

subject matter jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)

(quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). "Because removal jurisdiction

raises significant federalism concerns, federal courts are directed to construe removal statutes

strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). With the

foregoing in mind, "federal jurisdiction . . . *follows from the amended complaint*." *Royal Canin

U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38 (2025) (emphasis added).

Federal question jurisdiction exists when the civil action arises "under the Constitution,

laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether the claim arises

under federal law, [a court] examine[s] the 'well pleaded' allegations of the Complaint and

ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003). In other

words, the test is generally "whether a federal question appears on the face of the plaintiff's well-

pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343

(11th Cir. 2009). But the "well-pleaded complaint" rule is not without exception. *E.g.*, *id.* at 1344.

Complete preemption provides an "exception to the well-pleaded complaint rule and exists where

the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law

claim into a statutory federal claim." *Id.* (citing *Caterpillar*, 482 U.S. at 393). "ERISA is one of

those statutes." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004).

ERISA provides two types of preemption: defensive preemption and "[c]omplete

preemption, also known as super preemption," which

> is a judicially-recognized exception to the well-pleaded complaint rule [and] differs
> from defensive preemption because it is jurisdictional in nature rather than an

4

> affirmative defense. . . . Complete preemption under ERISA derives from ERISA's civil enforcement provision, § [1132](a), which has such 'extraordinary' preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."

*Conn. State Dental*, 591 F.3d at 1344 (citation omitted) (first citing *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006); and then citing *Taylor*, 481 U.S. at 65–66). Any claim falling "within the scope of the civil enforcement provisions of [ERISA's] § [1132](a) [is] removable to federal court" under § 1131. *Id.* "[W]here removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim." *Id.* at 1353 (citing *Butero v. Royal Maccabees Life Ins.*, 174 F.3d 1207, 1215 (11th Cir. 1999)). "Hybrid" cases, that is, a case in which part of the case "is within § [1132](a) and a part . . . is beyond the scope of ERISA" are still completely preempted by ERISA. *See id.* at 1351.

## IV.   ARGUMENT

This Court should reject Plaintiff's attempt to circumvent ERISA's preemptive effect and conclude it has subject matter jurisdiction over this Action in its entirety. In the Motion, Plaintiff argues—as best Florida Blue can discern—that this Action should be remanded because (1) "[t]his is a rate of reimbursement case[,]" (*id.* ¶ 1); (2) Florida Blue "did not confer with Plaintiff or any other Defendants . . . prior to filing its notice of removal[,]" (*id.* ¶ 3); (3) "Plaintiff did not consent to removal and [Florida Blue has] shown no evidence that any other Defendants consented to removal[,]" (*id.* ¶ 4); (4) the amount in controversy and number of claims is too low to support this Court's subject matter jurisdiction, (*id.* ¶¶ 7, 9, 13–15); (5) Plaintiff's claims are "grounded in state law[,]" (*id.* ¶ 8); and (6) defensive preemption does not confer subject matter jurisdiction, (*id.* ¶¶ 10–14). Plaintiff entirely misses the mark. Not only does Plaintiff confuse ERISA's complete and defensive preemption doctrines, in the Motion, Plaintiff also conveniently ignores its allegations in the TAC making clear it expressly seeks benefits under Patients' "INSURANCE

POLICIES" offered or administered by Defendants, (*see, e.g.*, TAC ¶¶ 20, 33, 37, 412, 419, 421–22, 430, ECF No. 1-1 at 215–17, 272–74)—and the fact that it brings an express breach of contract claim under the respective members' ERISA-governed benefit plans (Count III)—which should compel this Court to conclude that Plaintiff brings an ERISA claim by another name as to Patients enrolled in an ERISA-governed plan.  (*See* Mot. ¶¶ 1–17 (omitting reference to Plaintiff's breach of contract claim); TAC ¶¶ 410–33, ECF No. 1-1 at 203–06 (Count III, Plaintiff's express breach of contract count).)  And neither Plaintiff nor its counsel is a stranger to pleading ERISA claims by another name—or ERISA complete preemption for that matter; Plaintiff has, in this very District, acknowledged that a virtually identical breach of contract claim—with identical allegations as those at bar—*was an ERISA* claim.  *See Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB, 2020 WL 1666628, at *2 (S.D. Fla. Apr. 3, 2020) ("Plaintiff does not dispute that his claim for breach of contract implicates ERISA.  Rather, Plaintiff contends that the Amended Complaint adequately states a claim under ERISA . . . .").  *Compare* Am. Compl. ¶¶ 25–47, *Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB (S.D. Fla. Jan. 14, 2020), ECF No. 15 (Count I – Breach of Contract)*,[3] with* (TAC ¶¶ 410–33, ECF No. 1-1 at 272–75).

Plaintiff nevertheless does not address Florida Blue's arguments in the Notice of Removal that ERISA's complete preemption doctrine authorizes this Action's removal, (Not. Removal at 8–14), and instead, it argues that it brings state-law claims that do not arise under ERISA—while simultaneously conceding that some Patients are enrolled in ERISA plans and that ERISA necessarily governs those plans.  (*See* Mot. ¶¶ 1–17).  Therefore, although Plaintiff attempts to label its claims against Florida Blue (and Unserved Defendants) as arising under state law to try

---

[3] Florida Blue appends a true and correct copy of the Amended Complaint in *Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB (S.D. Fla.), as **Exhibit 1** to this Response.  (Ex. 1, ECF No. 9-1.)

to circumvent ERISA's extensive statutory framework and administrative exhaustion requirements, at bottom, what Plaintiff seeks by this Action are, at least in part, benefits under ERISA-governed Plans. Accordingly, this Court should deny the Motion because this Court has subject matter jurisdiction over this Action in its entirety.

      **A.**    **Because Plaintiff's Claims Are Completely Preempted by ERISA, This Court Has Subject Matter Jurisdiction Over the Complaint as It Presents a Federal Question Irrespective of How Plaintiff Labels Its Claims**

Here, there is no question Plaintiff's claims are ERISA claims and are therefore completely preempted by ERISA; to make such a determination, Courts in this Circuit apply the two-prong test outlined by the Supreme Court in *Davila.*  *See Davila*, 542 U.S. at 210; *Conn. State Dental*, 591 F.3d at 1345.  Under *Davila*, courts determine whether: (1) a plaintiff could have brought its claim under § 502 and (2) another legal duty supports plaintiff's claim.  *Conn. State Dental*, 591 F.3d at 1345.  The issue before this Court is whether ERISA "completely preempt[ed] *one or more* of Plaintiff['s] state law claims, thus providing a basis for federal question jurisdiction."  *Id.* at 1341–42 (emphasis added).  Both prongs of the *Davila* test are satisfied here.  And Plaintiff does not argue otherwise.  (*See generally* Mot. (largely confusing defensive preemption analysis with complete preemption analysis).)

      **1.**    **In the TAC, Plaintiff Alleges it Has Derivative Standing to Assert an ERISA Benefits Claim Because It Alleges It Received Assignments of Benefits from the At-Issue Members, so It Alleges It Has Standing to Bring an ERISA Claim as to the Patients Enrolled in an ERISA-Governed Plan**

To determine whether Plaintiff could have brought a claim under ERISA, this Court should start with the statutory text: "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the

plan."   29 U.S.C. § 1132(a)(1)(B); *see also Davila*, 542 U.S. at 210 ("[§ 1132(a)(1)(B)] is straightforward.  If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits.") Although "[h]ealthcare providers . . . generally are not considered 'beneficiaries' or 'participants' under ERISA[,]" and therefore generally lack standing, "it is well-established in this and most other circuits that a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a 'participant' or 'beneficiary' of his right to payment of medical benefits."  *Conn. State Dental*, 591 F.3d at 1346–47 (first quoting *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001); and then citing *Hobbs*, 276 F.3d at 1241). "Claims for benefits by healthcare providers pursuant to an assignment are thus within the scope of § [1132](a)."  *Id.* at 1347.  A plaintiff need only a "colorable claim for benefits" to have standing under ERISA.  *Id.* (citing *Kennedy v. Conn. Gen. Life Ins.*, 924 F.2d 698, 700–01 (7th Cir. 1991)).

Here, this Court need look no further than the allegations in, and the attachments to, the TAC to the to conclude that Plaintiff has standing to assert an ERISA claim under the ERISA Patients' respective plans.  (*E.g.*, ¶¶ 37 ("BCBS Entity Patients executed *Assignment of Benefits*." emphasis added), 379 ("Each BCBS Entity Patient was a covered insured . . . *according to the terms and conditions of the respective Policy issued by each BCBS Entity*." (emphasis added)); Patients' Assignments, TAC Ex. B, ECF No. 1-1 at 285–95.)  Incorporated into every Count in the TAC, are allegations that that (1) this dispute arises under the "insurance policies . . . issued by the Defendants[,]" (*id.* ¶ 20, ECF No. 1-1 at 215); (2) the services purportedly rendered at issue were "covered" services under the "insurance policies[,]" (*id.* ¶ 33, ECF No. 1-1 at 216); (3) Plaintiff received an assignment of benefits for each Patient, (*id.* ¶ 37, ECF No. 1-1 at 217).  (*Id.* ¶¶ 372, 391, 410, 434, 444, 455 (expressly incorporating by reference Paragraphs 1 through 371 of the TAC

into each Count).)  In Count III, its breach of contract claim, Plaintiff expressly alleges that "[a]n assignment of benefits *authorizing* [*Plaintiff*] *to seek payment from each* [*Defendant*] was executed by [the] Patients or their legal representatives."  (*Id.* ¶ 420 (emphasis added).)  Indeed, Plaintiff appends executed assignments of benefits upon which it relies to plead its claims as Exhibit B to the TAC.  (Patients' Assignments, TAC Ex. B, ECF No. 1-1 at 285–95.)  Accordingly, as to the ERISA Patients, Plaintiff has derivative standing to bring an ERISA claim.  *See Conn. State Dental*, 591 F.3d at 1347 ("[I]t is well-established in this and most other circuits that a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a 'participant' or 'beneficiary' of his right to payment of medical benefits." (quoting *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001))).  This is not to say anything about whether Plaintiff is *entitled* to reimbursement under the Plan.  *See Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997) ("Of course, an assignment will not facilitate a plan participant's or beneficiary's receipt of benefits if the plan does not pay the benefits it owes . . . .").  Whether Plaintiff is or is not entitled to benefits—that is, whether Defendants correctly denied coverage for the services Plaintiff purportedly rendered to Patients under their respective ERISA plans—is a merits determination better suited for resolution at a later stage in this Action.  For purposes of the matter at hand, this Court need only find Plaintiff has a *colorable* claim for benefits to find removal under ERISA complete preemption was appropriate in this Action.  *See Conn. State Dental*, 591 F.3d at 1353 ("[A]ll one needs for standing under ERISA is a colorable claim for benefits, and '[t]he possibility of direct payment is enough to establish subject matter jurisdiction.'" (quoting *Kennedy*, 924 F.2d at 700)).

This Court should therefore find Plaintiff has derivative standing under ERISA and *should have* expressly labeled its claims an ERISA claim satisfying the first prong of the *Davila* test.  *See*

9

*Conn. State Dental*, 591 F.3d at 1345 (concluding provider-plaintiffs had derivative standing to bring an ERISA claim where in-network providers had assignments in accordance with patients' ERISA-governed health benefit plan); *Lee Mem'l Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1314 (M.D. Fla. 2017) (concluding ERISA completely preempted provider's state-law claims against insurer because, among other things, in-network hospital had derivative standing to sue under ERISA as it received an assignment of benefits).

> **2.  No Independent Legal Duty Supports Plaintiff's Claims, and This Court Has Jurisdiction Over Plaintiff's Claims Even If There Is a Single Claim Relating to a Single ERISA Patient at Issue**

The second prong of the *Davila* test requires this Court to determine whether no independent duty supports Plaintiff's claims. *See Davila*, 542 U.S. at 210. When a plaintiff's claim depends on whether an insurer "has a duty to pay for services under the ERISA plan[,]" the claim is completely preempted. *See Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015). The second prong is readily met.

Plaintiff expressly brings claims alleging Florida Blue violated the Patients' benefits plans, including ERISA-governed benefit Plans, by failing to cover (pertinent to the ERISA Patients at issue) ERISA benefits.[4] (*E.g.*, TAC ¶¶ 411 (alleging that Defendants contracted with Patients "to provide health care coverage"), 417 (alleging that "[a]ll premiums" relating to Defendants' health insurance policies were "timely paid"), 419 ("BCBS Entity Patients were *covered insureds*, subscribers, beneficiaries, or dependents *according to the terms and conditions of the INSURANCE*

---

[4] As Florida Blue (and if served, Unserved Defendants will argue) in more detail in a forthcoming motion to dismiss, Plaintiff's quantum meruit (Count IV), account stated (Count V), and unjust enrichment (Count VI) claims are duplicative of Plaintiff's breach of contract claim, and at the very least, Plaintiff's breach of contract claim (Count III) is preempted by ERISA as it relates to Florida Blue's members enrolled in an ERISA-governed plan—therein, Plaintiff expressly pleads that Florida Blue "breach[ed] the INSURANCE POLICIES . . . .by fail[ing] and refus[ing] to make payment [to Plaintiff]." (TAC ¶¶ 430–31.)

POLICIES issued by [Defendants].”), 420 (“*An assignment of benefits authorizing* [Plaintiff] to

seek payment from each [Defendant] was executed by BCBS Entity Patients or their legal

representatives.” (emphasis added)), 422 (“The BCBS Entity Patients admission here were for

covered services *as defined by the INSURANCE POLICIES*.” (emphasis added)), 430 (“Each

BCBS Entity failure and refusal to make the monetary payments here at issue constitutes a breach

of the INSURANCE POLICIES . . . .”).)  Plaintiff expressly states that the Patients’ “admission[s]

here at issue were *for covered services as defined by the INSURANCE POLICIES*.” (*Id.* ¶ 422

(emphasis added).)  Plaintiff had previously made clear that those same allegations supported an

ERISA claim, irrespective of the labels Plaintiff affixed its claims, in *Cousins v. United Healthcare*,

in which Plaintiff argued that,

> [i]n its [Amended] Complaint, Dr. Cousins sufficiently alleged an ERISA claim for
> breach of the Insurance Policies.  Dr. Cousins alleged the following: (1) it admitted
> and medically treated the Patients; (2) at the time of treatment these Patients had
> valid United Insurance Policies; (3) the medical treatment was covered under the
> Insurance Policies; (4) Dr. Cousins billed United $37,750.00; (5) United only paid
> $6,968.95; and (6) United failed to pay Dr. Cousins $30,781.05.  *See* Am. Compl.
> at ¶¶ 10-14, 19-23. Moreover, Dr. Cousins clearly alleged that United’s failure to
> pay Dr. Cousins the remaining balance was a breach of the Insurance Policies and
> resulted in damages: 44.

Cousin’s Resp. Mot. Dismiss at 5, *Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB (S.D.

Fla. Mar. 13, 2020), ECF No. 28.[5]  So, too, did Plaintiff allege an ERISA claim here[6] as in the

TAC, Plaintiff alleged (1) it admitted and medically treated the Patients, (TAC ¶¶ 412–16, ECF

No. 1-1 at 272–73); (2) at the time of treatment these Patients had valid “INSURANCE

POLICIES” with Defendants, (*id.* ¶¶ 417–19, ECF No. 1-1 at 273); (3) the medical treatment was

---

[5] Florida Blue appends a true and correct copy of Plaintiff’s Response in Opposition to Defendant’s Motion to Dismiss the Amended Complaint in *Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB (S.D. Fla.), as **Exhibit 2** to this Response.  (Ex. 2, ECF No. 9-2.)

[6] Whether Plaintiff sufficiently pleaded its ERISA claims is a question appropriately addressed in a motion challenging the sufficiency of the TAC under Rule 12, not in this Response.

covered under the "INSURANCE POLICIES," (*id.* ¶ 422, ECF No. 1-1 at 274); (4) Plaintiff billed Defendants $586,676.00, (*id.* ¶ 426, ECF No. 1-1 at 274); (5) Defendants paid Plaintiff $20,941.91, (*id.* ¶¶ 427, ECF No. 1-1 at 274); and (6) Defendants failed to pay Plaintiff $565,734.09, (*id.* ¶¶ 428, ECF No. 1-1 at 274). (*Compare id.* ¶¶ 412–19, 422, 427–28, ECF No. 1-1 at 272–74)*, with* Am. Compl. ¶¶ 10–14, 19–23, *Cousins v. United Healthcare, Inc.*, No. 19-25061-CIV-BB (S.D. Fla. Jan. 14, 2020), ECF No. 15.

As expressly pleaded, therefore, Plaintiff brings an ERISA claim because Florida Blue (and Unserved Defendants) breached the at issue insurance contracts (the plans) by failing to reimburse Plaintiff after it allegedly provided "covered" services under those plans, including ERISA-governed benefit plans, therefore rendering Plaintiff's claims related to those ERISA Patients completely preempted.[7]  *See, e.g.*, *La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 14-23735-CIV-KMM, 2014 WL 7525661, at *3 (S.D. Fla. Nov. 18, 2014) ("While Plaintiff states it is not making any claims founded upon any ERISA rights, this is a legal rather than a factual conclusion, which is left for this Court to determine. . . . Here, Plaintiff *repeatedly refers to the insurance contract as the basis for its claims*.  Plaintiff is clearly challenging its right to payment under the ERISA plan, and consequently, it falls within the scope of ERISA."

---

[7] As to the Patients enrolled in an ERISA-governed plan, Plaintiff's reliance on state insurance or HMO law is misplaced because self-funded ERISA plans, like those administered by Florida Blue here, (*see* Jones Decl. Exs. A–B, ECF No. 1-2 at 6–428), are not governed by state insurance or HMO laws, *see Peacock Med. Lab, LLC v. Unitedhealth Grp., Inc.*, No. 14-81271-CIV-DTKH, 2015 WL 5118122, at *6 (S.D. Fla. Sept. 1, 2015) ("States may not directly or indirectly regulate [ERISA] self-insured plans" and "[b]ecause employee benefit plans are not deemed to be engaged in insurance, laws which regulate them are not saved from preemption." (citing *Metro. Life Ins. v. Mass.*, 471 U.S. 724, 747 (1985))); *see also* 42 U.S.C. § 1144(a) (ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."); *Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319 (11th Cir. 2014) ("[A]n ERISA employee benefit plan 'shall [not] be deemed to be an insurance company or other insurer, . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts.'" (quoting 29 U.S.C. § 1144(b)(2)(B))).

(emphasis added) (citation omitted) (citing *Gables Ins. Recovery v. United Healthcare Ins.*, 39 F.

Supp. 3d 1377, 1387–91 (S.D. Fla. 2013))); *Gables Ins. Recovery*, 39 F. Supp. 3d at 1390–91

(denying motion to remand where plaintiff's breach of contract, breach of implied contract,

quantum meruit, and account stated claims were "premised on an interpretation of the Plan . . . .");

*De La Pedraja v. UnitedHealthcare of Fla., Inc.*, No. 10-21677-CIV-JAL, 2010 WL 11570680, at

*2–3 (S.D. Fla. Aug. 20, 2010) (denying motion to remand and accepting subject matter

jurisdiction under ERISA complete preemption doctrine) ("Based upon a review of [the provider-

plaintiff's] complaint, it is clear that his claims fall within the scope of ERISA. Although [the

provider] characterizes his allegations as simple breach of contract claims or claims falling under

[section] 641.3155, in reality, [the provider] seeks payment of denied health benefit claims

assigned him by his patients."); *Sarasota Cnty. Pub. Hosp. Bd. v. Blue Cross & Blue Shield of Fla.,

Inc.*, No. 8:18-cv-2873-T-23SPF, 2019 WL 2567979 (M.D. Fla. June 21, 2019) (denying motion

to remand where plaintiff brought claims for breach of contract and violation of section 641.513,

Florida Statutes, "[a]lthough the complaint mentions neither ERISA nor an ERISA-regulated

health plan," and holding that "ERISA completely preempts [the plaintiff's] action" because "the

plaintiff could have brought at least one claim under ERISA [§ 1132](a)" and because section

641.513, Florida Statutes, did not "create[] a legal duty independent of ERISA"); *Baker Cnty. Med.

Servs. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:18-cv-01510-J-20MCR, 2019 WL 5104773,

at *3 (M.D. Fla. Sept. 18, 2019) (denying motion to remand where plaintiff brought claims for

breach of contract and violation of section 627.638, Florida Statutes, and holding that ERISA

completely preempted the state-law claims because "ERISA-regulated plans control the payment

of benefits, coverage determinations, obligation to pay for benefits, and whom may be paid directly

by insurers.  Therefore [section] 627.638 creates no duty independent of ERISA."); *Brain*, 2022

WL 22865869, at *2–4 (holding that ERISA completely preempted plaintiff's claims under sections 627.64194 and 641.513, Florida Statutes, because "[t]he claims alleging BCBS failed to pay the 'usual and customary provider charges' do not arise from a legal duty separate from ERISA").

Here, of the thirty-eight Patients whose claims are at issue here, four Patients are undisputedly members of an ERISA-governed health benefit plan offered or administered by Florida Blue.  (Jones Decl. ¶ 12 ("[T]he TAC includes four claims for services Plaintiff allegedly rendered to individuals who are enrolled in a Florida Blue ERISA-governed health benefit plan.").)  In the Motion, Plaintiff does not challenge that legal reality or even attempt to rebut Ms. Jones's declaration; instead, Plaintiff improperly argues that this Action is a "rate of payment" action and that the ERISA claims Florida Blue provided as exemplar ERISA Patients are *de minimis* in light of the thirty-eight claims at issue and should not serve as the basis for this Court's subject matter jurisdiction, especially considering the ERISA plans at issue are not relevant.  (*See* Mot. ¶¶ 1, 9.)  To be sure, Plaintiff cites no authority to support this proposition—because none exists:[8]

> Out of the underlying 38 patients at issue in this lawsuit, Defendants are claiming that only 2 patients purportedly have Federal ERISA-based plans (Patient 13, O.L. (outstanding balance of $6,698.16 Plaintiff is claiming) and Patient 21, S.B. (outstanding balance of $1,369.84 Plaintiff is claiming from Defendant)). *Declaration of Juanisha Jones, D.E. 1-2.* Plaintiff is not a direct party to these purported insurance contracts, nor has Plaintiff ever even seen a copy of these purported insurance contracts.  Defendants are arguing that by virtue of 2 purported underlying assignment of benefits executed (AOBs) by the patients for Plaintiff,

---

[8] Taking Plaintiff's "position," that the ERISA plans are irrelevant under the circumstances, to its logical conclusion, Plaintiff's position is that Florida Blue (and Unserved Defendants) must reimburse Plaintiff for each and every patient who walks through Plaintiff's doors, irrespective of whether a patient's plan provides coverage for a particular service, irrespective of Plaintiff's flawed billing practices, and irrespective of whether a patient is covered under a Florida Blue- (or Unserved Defendant-) offered or administered health benefit plan.  Plaintiff's logic is fundamentally flawed, and this Action must be one in which Plaintiff attempts to establish its right to payment from Florida Blue (and Unserved Defendants) for "covered services" under the relevant plans, including ERISA-governed plans.

that Plaintiff is directly tied to the purported ERISA plan contracts and that as a result, the entire case must be removed to Federal Court.  It is Plaintiff's position that this is not proper.  *The remaining 36 patients have no alleged ERISA connection.  Defendants seek to bootstrap the entire [TAC] into federal jurisdiction based on two patients with disputed ERISA status and a combined controversy of $8,068.00.*  That does not justify federal jurisdiction under either complete or defensive preemption doctrines.

(*Id.* ¶ 9 (emphasis added).)

Contrary to Plaintiff's "position," the law in this Circuit conclusively provides that, even if this Court concludes that only one of Plaintiff's claims against Defendants is completely preempted by ERISA, this Court has federal question jurisdiction over this Action under the ERISA complete preemption doctrine as it would be, at a minimum, be a hybrid claim.  *See Borrero*, 610 F.3d at 1305 ("Because at least some of the allegations are dependent on ERISA, those claims are completely preempted and federal question jurisdiction exists."); *La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 14-23417-CIV-DPG, 2014 WL 5523147, at *4 (S.D. Fla. Oct. 31, 2014).  And courts in this district have rejected thread bare assertions that claims like those at issue here are "rate of payment" disputes, especially in the face of breach of contract claims.  *See, e.g.*, *Baruch Jacobs, M.D., P.A. v. Highmark Health*, No. 14-24725-CIV-UU, 2015 WL 12699875, at *4 (S.D. Fla. Mar. 12, 2015); *De La Pedraja*, 2010 WL 11570680, at *1–3.  In *Brauch Jacobs*, the plaintiffs, a plastic surgeon[9] and a licensed outpatient surgical facility, filed a complaint in state court alleging that the defendant "was required to pay 100% of the agreed upon charges for the medical care provided to [the patient at issue]" and that the defendant "'arbitrarily *reduced the amount*' of [the plaintiffs'] claims" and "breached each contract by failing to make a commercially reasonable payment."  *Brauch Jacobs*, 2015 WL 12699875, at *1 (emphasis added).  The defendant removed the action to federal court under ERISA's complete preemption doctrine.

---

[9] Like Dr. Cousins here.  (*See, e.g.*, TAC ¶¶ 45–46, 56–57, 94–95.)

*Id.* Pertinent to this discussion, the *Brauch Jacobs* court concluded that, "despite [the p]laintiffs' allegations, their claims are based on interpreting the ERISA plan and determining whether there is coverage *for the full amount of their submitted charges*." *Id.* at *4. In so concluding, the court—faced with a breach of contract action expressly seeking benefits under an ERISA health benefit plan—correctly disregarded the plaintiffs' position that the action was a "rate of payment" action and denied the plaintiff's motion to remand. *Id.* at *3–4. Similarly, in *De La Pedraja*, an out-of-network provider of medical services (like Plaintiff here) filed a lawsuit in state court alleging that an insurer failed to pay full freight for services rendered to defendants' members. *De La Pedraja*, 2010 WL 11570680, at *1. The plaintiff in *De La Pedraja* brought four claims: (1) breach of contract claim that sought the application of section 641.3155, Florida Statutes; (2) quantum meruit; (3) unjust enrichment; and (4) services rendered. *Id.* Also like Plaintiff here, the plaintiff in *De La Pedraja* did not cite to the correct standard for determining whether removal was appropriate but nevertheless asserted that his action was a "rate of payment" action rather than a "right of payment action." *See id.* at *2. The court applied the two-prong test outlined in *Davila*, as adopted by the Eleventh Circuit in *Connecticut State Dental*, and concluded that, despite the labels Plaintiff tried to put on its claims, "it [was] clear that [the plaintiff's] claims fall within the scope of ERISA." *See id.* at *2. The *De La Pedraja* court disregarded the plaintiff's attempt to characterize the dispute as a "rate of payment" action—despite the plaintiff pleading that the insurer underpaid certain claims—because the plaintiff's claims "required reference to [the] patients' benefit plans and require[d] inquiry into whether [the defendant] properly denied benefit payments for the medical services . . . rendered." *See id.* at *2–3. The court denied the plaintiff's motion to remand. *See id.* at *3. This Court should similarly look beyond Plaintiff's labels, to the root of the claims at bar: whether coverage existed that would entitle Plaintiff to payment in

accordance with the ERISA plan. *See Baruch Jacobs*, 2015 WL 12699875, at *4; *La Ley Recovery*, 2014 WL 5523147, at *4 ("If the right to payment derives from the plan as opposed to another independent legal duty, then the resolution of the dispute requires an interpretation of the plan and is therefore dependent on the ERISA plan."); *De La Pedraja*, 2010 WL 11570680, at *1–3; *Surgery Ctr. of Viera, LLC v. Cigna Health & Life Ins.*, No. 22-cv-393, 2023 WL 5353461, at *2–3 (M.D. Fla. Aug. 21, 2023) (state-law claims were preempted by ERISA because they were "'intertwined with the refusal to pay' more benefits under the plan").

Accordingly, this Court should conclude it has federal question jurisdiction because Plaintiff's claims—both those asserted against Florida Blue and the claims asserted against Unserved Defendants—are completely preempted by ERISA as they relate to Patients enrolled in ERISA-governed health benefit plans.

### B.   Because Plaintiff's Claims Are Completely Preempted by ERISA, This Court Has Subject Matter Jurisdiction Over the TAC as It Presents a Federal Question

Because this Court has federal question jurisdiction over this Action under ERISA's complete preemption doctrine, (*see supra* Part IV.A.), this Court has supplemental jurisdiction over the remaining non-ERISA claims on which Plaintiff also attempts to base the TAC. *See* 28 U.S.C. § 1367(a). § 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*Id.*; *see also Borrero*, 610 F.3d at 1305 ("As both *Davila* factors are met, the coverage claims are met, the coverage claims are completely preempted. This gives a federal court federal question jurisdiction over those claims and supplemental jurisdiction over the remaining claims."); *La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 14-23568-CIV, 2015 WL

12781030, at *2 (S.D. Fla. Jan. 30, 2014) ("[I]f any one of the claims is completely preempted, then removal of the entire complaint is proper, regardless of whether the district court might have original jurisdiction over the remaining claims."). This Action—in its entirety—is therefore properly before this Court.

### C.   Plaintiff's Other Arguments in Favor of Remand Have No Merit[10]

#### 1.   Plaintiff's Reference to Defensive Preemption Is Irrelevant to This Court's Determination Relative to Plaintiff's Arguments in the Motion Because Defensive Preemption Is a Meritorious Affirmative Defense to Plaintiff's Claims, Not a Basis for Subject Matter Jurisdiction

Perhaps as a concession that Florida Blue's defensive preemption argument warrants dismissal, Plaintiff refers to ERISA defensive preemption in the Motion and confuses it with ERISA's complete preemption doctrine. (Mot. ¶¶ 10–11.) Florida Blue agrees that a defensive preemption analysis is irrelevant to this Court's determination that it has subject matter jurisdiction over this Action; that is, Florida Blue agrees this Court's federal question jurisdiction is not predicated on ERISA *defensive* preemption. *See Jones*, 457 F.3d at 1180 ("[D]efensive preemption is a substantive defense, justifying *dismissal* of preempted state law claims." (emphasis added)); *Surgery Ctr. of Viera, LLC v. Cigna Health*, No. 20-cv-152, 2020 WL 4227428, at *2 (M.D. Fla. July 23, 2020) (defensive preemption "originates in ERISA's express preemption provision under 29 U.S.C. § 1144(a) and is an affirmative defense for any state law claim."). For the avoidance of doubt, Florida Blue's position is not that ERISA defensive preemption is inapplicable wholesale. As Florida Blue will detail in its forthcoming Motion to Dismiss, ERISA defensive preemption affords Florida Blue an affirmative defense that entirely bars Plaintiff's claim against Florida Blue to the extent Plaintiff's claim relates to ERISA-governed plans.

---

[10] To begin, Florida Blue had no obligation to confer with Plaintiff before removing this Action, and Plaintiff cannot provide this Court with any authority that compels the opposite conclusion.

### 2. Because BCBSF and HOI Are the Only Properly Served Defendants, so Unserved Defendants Were Not Required to Consent to Removal

Although § 1446(b)(2)(A) requires that a removing defendant to acquire consent from all other properly joined and served defendants, "[t]he requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) (citing *Bailey v. Janssen Pharma., Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)); *see also Bailey*, 536 F.3d at 1208 ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."). As BCBSF and HOI are the only properly joined and served Defendants as of the date of the Notice—and as of the date of this Response—and both BCBSF and HOI agree this Action became removable as of the date the TAC became the operative pleading, the "unanimity rule" is satisfied and this Action is properly removed to this Court. *See* § 1446(b)(2)(A). Florida Blue is therefore under no obligation to obtain the consent form Unserved Defendants to this removal—especially considering that Plaintiff has not done as much as request that this Court issue summonses for the TAC as of the date of this Response.

### D. Plaintiff's Request to Extend the Service Deadline Is Without Good Cause

In the final two paragraphs in the Motion, Plaintiff makes a conditioned request of this Court to extend the deadline by which Plaintiff must serve Unserved Defendant by forty days while admitting it has not served Unserved Defendants with lawful process in the last eighty-nine days. (Mot. ¶¶ 16–17.) But Plaintiff provides no good cause for its request, a necessary showing, barring circumstances not applicable here, to warrant an extension of the August 5, 2025, service deadline. *See* Fed. R. Civ. P. 4(m); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"); *see also Horenkamp v. Van Winkle*

19

& *Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005) (concluding Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of showing good cause" under limited circumstances).  Rather than provide *any* information from which this Court could determine whether good cause (or any cause) supports Plaintiff's request, Plaintiff instead states that it "would need to have the summonses reissued in this Court" without explaining Plaintiff's actions in the State Court Action *after* Florida Blue removed this Action—despite acknowledging that the state court "currently lacks jurisdiction over the matter."  (Mot. ¶ 17.)  Indeed, putting aside Plaintiff's *post-removal motion practice* in state court to which Florida Blue consistently objected, it was only after removal that Plaintiff sought summonses be issued to Unserved Defendants—in *state court*—even *after* this Court's June 9, 2025 Order to Perfect Service, which forewarned Plaintiff that its "[f]ailure to file proof of service or show good cause by **August 5, 2025**, will result in a dismissal of this action without further notice."  (*See* Service Order at 1.  *See generally* Aug. 4, 2025 State Court Docket, ECF No.9-3 (attached hereto as **Exhibit 3**).)  Florida Blue respectfully submits that Plaintiff cannot rely on its (or its counsel's) negligence or ignorance of its obligations under Rule 4 to obtain an extension of the deadline to serve Unserved Defendants, a proposition courts in this Circuit reject even in cases in which a plaintiff proceeds *pro se*.  *See Asad v. Crosby*, 158 F. App'x 166, 171 n.4 (11th Cir. 2005) ("[T]o hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception to swallow the rule." (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

## V.    CONCLUSION

For the foregoing reasons, Florida Blue respectfully requests that this Court (1) deny the Motion, (2) conclude it has subject matter jurisdiction over this Action in its entirety, and (3) grant Florida Blue any such other relief it deems fair and reasonable.

Dated: August 4, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson, Esq.
Florida Bar Number: 423025
ardith.bronson@us.dlapiper.com
Jody A. Stafford, Esq.
Florida Bar Number: 1015797
jody.stafford@us.dlapiper.com
Jose M. Espinosa, Esq.
Florida Bar Number: 1030890
jose.espinosa@us.dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8504

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc., and Health Options, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of August, 2025, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

*/s/ Ardith Bronson*
Ardith Bronson, Esq.
